**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**PAUL SELLE,**

**Plaintiff,**

**v.** **Case No. 26-CV-1268**

**NICK THORN, AUSTIN HAMMOND,**
**and KRISTINE HUTTER,**

**Defendants.**

---

# DECISION AND ORDER ON DEFENDANTS' MOTION TO DISMISS

---

Paul Selle, representing himself, sues several people whom he claims work for the City of Menasha: Nick Thorn, Austin Hammond, and Kristine Hutter ("the defendants"). (Docket # 1.) The defendants move to dismiss Selle's complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (Docket # 19.) For the reasons explained below, the defendants' motion to dismiss is granted, but I will also grant Selle leave to file an amended complaint.

## BACKGROUND

Selle alleges that, since May 19, 2025, he has been "abused, harassed, neglected, and intimidated" by Menasha city employees Nick Thorn, Austin Hammond, and Kristine Hutter. (Docket # 1 at 2.) Specifically, he claims that, while requesting public records from the Menasha Police Department, then-police chief Nick Thorn told him there were "*no* records" of any complaints against his election yard signs or phone calls made by police to his cellphone. (*Id.* at 2–3.) He asserts that Mayor Austin Hammond hired someone "much

less qualified" for the vacant position on the Landmark Commission. (*Id.* at 3.) And, allegedly, Menasha's Health Department Director, Kristine Hutter, "allowed multiple people working at the Senior Center to charge extra money to people . . . liv[ing] in the neighboring city of Neenah." (*Id.*) Lastly, Selle claims that Mayor Hammond and his "subordinates" have turned downtown Menasha into a "ghost town" after dark. (*Id.*) Relatedly, perhaps, he states that the city is buying up properties, of which they've forced small business owners out. (*Id.*) The totality of these assertions, Selle argues, "looks like fraud" and "election interference" towards him.

For relief, Selle seeks the Court: (1) "prosecute the guilty people"; (2) "fire and replace" the aforementioned guilty people; (3) host a "twin-city" block party—featuring a Beatles tribute band who will sing "All You Need is Love" as the first and last song—in order to improve relations between Neenah and Menasha; and (4) pay Selle $1,000,000. (*Id.* at 4.)

**LEGAL STANDARD**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint on the basis that the plaintiff has failed to state a claim upon which relief can be granted. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this language to require that the plaintiff plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Ashcroft v. Iqbal*, the Supreme Court elaborated further on the pleadings standard, explaining that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," though this "standard is not akin to a 'probability requirement.'" 556 U.S. 662, 678 (2009). The

allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted).

When determining the sufficiency of a complaint, the court engages in a two-part analysis. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). First, the court must "accept the well-pleaded facts in the complaint as true" while separating out "legal conclusions and conclusory allegations merely reciting the elements of the claim." *Id.* (citing *Iqbal*, 556 U.S. at 680). Next, "[a]fter excising the allegations not entitled to the presumption [of truth], [the court must] determine whether the remaining factual allegations 'plausibly suggest an entitlement to relief.'" *Id.* (citing *Iqbal*, 556 U.S. at 681). As explained in *Iqbal*, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 556 U.S. at 679. All factual allegations and any reasonable inferences must be construed in the light most favorable to the nonmoving party. *Price v. Bd. of Educ. of City of Chicago*, 755 F.3d 605, 607 (7th Cir. 2014).

## ANALYSIS

The defendants argue that Selle failed to state a claim upon which relief can be granted. (Docket # 19.) I agree. To survive a motion to dismiss, a complaint requires "a short and plain statement" of the plaintiff's claim, showing he is entitled to relief. Fed. R. Civ. P. 8(a)(2). The statement must be sufficient to give defendants "fair notice of what the claim is and the grounds upon which it rests." *See Brooks v. Ross*, 578 F.3d 574, 581–82 (7th Cir. 2009) (internal quotations omitted) (affirming the dismissal of plaintiff's complaint because his allegations were "too vague" to provide notice to defendants of the contours of his claim). Even *pro se*

complaints, while construed liberally, must identify a "plausible right to relief." *See Killebrew v. St. Vincent Health, Inc.*, 295 Fed. Appx. 808, 810 (7th Cir. 2008).

Here, construing Selle's complaint liberally and reading his allegations in the light most favorable to him, he fails to state a plausible claim to relief. His complaint is devoid of specifics on the "who, what, and when." He invokes federal question jurisdiction (Docket # 1 at 4) but fails to allege which federal law or constitutional right was violated. Much of the relief he seeks, including prosecution of the guilty and the hosting of a party, is unavailable. Moreover, Selle, rather than responding to the defendants' motion to dismiss, filed a series of documents (Docket # 23; Docket # 24; Docket # 25) which were generally unresponsive to the arguments for dismissal raised by the defendants. While Selle did, in these documents, arguably assert a First Amendment violation based on an unconstitutional 45-day limit on the placement of election signs, he did not raise this claim in his complaint. Nor did he state who he raised this claim against.

Accordingly, I will grant the defendants' motion to dismiss. However, given Selle's *pro se* status, and the lack of clarity, I will also grant Selle leave to file an amended complaint. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("[A] plaintiff ordinarily retains the ability to amend his complaint once as a matter of right, even after a court grants a motion to dismiss."); see also Fed. R. Civ. P. 15(a)(2) ("[A] court should freely give leave [to amend] when justice so requires."). Should he choose to amend, Selle is first advised that any amended complaint must bear the docket number assigned to this case and be labeled: "Amended Complaint." Selle is further advised to file his amended complaint as a single document, not multiple additional documents not referenced in the amended complaint or filed simultaneously with it. Importantly, an amended complaint replaces a prior complaint.

Thus, the amended complaint must be complete in itself, without reference to the prior complaint. Matters not set forth in the amended complaint are, in effect, withdrawn. *Duda v. Board of Educ. of Franklin Park Public School Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998).

I also advise Selle, in an amended complaint, to identify with greater specificity *what* his claim(s) are about, *against whom* they are asserted, and *when* the alleged violations occurred. Selle should also name which federal law or constitutional right he alleges defendants violated. Federal courts are courts of limited jurisdiction. *Qin v. Deslongchamps*, 31 F.4th 576, 582 (7th Cir. 2022). There are two ways that a federal court can have jurisdiction over a case: federal question jurisdiction and diversity jurisdiction. In his original complaint, Selle asserted jurisdiction under the former. Moving forward, in his amended complaint, Selle should reassert his jurisdictional basis and, if it is still federal question jurisdiction, further identify which federal law or constitutional right his action "aris[es] under." 28 U.S.C. § 1331. Finally, Selle should ensure to limit his request for relief to those remedies which the Court can provide.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Defendants' Motion to Dismiss (Docket # 19) is **GRANTED**. Selle's complaint (Docket # 1) is dismissed without prejudice. Selle has until **December 18, 2026**, to file an amended complaint. Failure to timely file an amended complaint addressing the deficiencies stated in this decision will result in dismissal of this action with prejudice.

Dated at Milwaukee, Wisconsin this 18th day of November, 2026.

BY THE COURT

Nancy Joseph
______________________________
NANCY JOSEPH
United States Magistrate Judge